**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**


Arthur Butler,                                                          3:12CV645

        Plaintiff

      v.                                                      **ORDER**

Time Warner Entertainment Co., L.P.

        Defendant


       Plaintiff has filed a notice of dismissal.[1] Because the defendant had answered, dismissal without prejudice cannot occur without its concurrence or the court's approval. Defendant vigorously opposes dismissal without prejudice. Fed. R. Civ. P. 41(a)(1)(ii). I will, however, grant dismissal without prejudice.

       Defendant correctly points to *Grover by Grover v. Eli Lilly and Co.,* 33 F.3d 716, 718 (6th Cir. 1994), for the rule that a trial court abuses its discretion when a defendant would suffer plain legal prejudice from a dismissal without prejudice. To evaluate whether a defendant would suffer prejudice of that degree, a court looks to: 1) plaintiff's lack of diligence; 2) sufficiency of plaintiff's explanation for wanting to dismiss without prejudice; 3) efforts and expense defendant has expended; and 4) whether defendant has filed a dispositive motion. *Id.*

---

[1] Like defendant, I treat the notice as a motion under Fed. R. Civ. P. 41(a)(2) to dismiss without prejudice.

In response, plaintiff's counsel represents that the plaintiff has been unresponsive to his efforts to contact him and have him comply with various requests. This, coupled with counsel's failure to keep the defendant's counsel apprised of the problems he was encountering, caused the defendant to notice the plaintiff's deposition without agreement as to its date. Shortly before the deposition date, plaintiff filed his notice of dismissal.

Litigation is a serious undertaking and calls for attention and effort. Plaintiff appears to have given little of either so far. Mitigating this circumstance is the fact of plaintiff's lack of employment and the further fact that plaintiff's wife has been diagnosed with cancer. Anyone in those circumstances could well find it difficult to tend to anything other than trying to find and keep a job and, concurrently, to obtain care and treatment for his wife. To some extent, plalintiff's lack of personal diligence is understandable.

Having conflated the first two considerations, I find the plaintiff's explanation for his lack of diligence to be plausible, and to go a fair distance in explaining his unresponsiveness to his obligations as a litigant.

What is most worrisome is plaintiff's apparent failure to keep in contact with and inform his attorney of his problems. If he resumes this litigation, he will do better in this fundamental respect or incur sanctions from this court.

The defendant represents that it has incurred $30,000 in fees and costs, and wants a reimbursement order as the price of dismissal without prejudice. I decline to condition plaintiff's ability to refile on a reimbursement order.

First, that expenditure seems quite high. There has been only one pretrial conference and no substantial discovery to date. The motion to dismiss on which defendant prevailed was granted at

2

the case management conference. Otherwise, there is only prearation of the response to the notice of dismissal.  Expenditure of that amount of money seems somewhat inexplicable.

In any event, impositing a reimbursement order against the plaintiff would be futile: plaintiff is not working and has to find the wherewithal somehow for his wife's cancer treatments. The likelihood that such order would be anything other than another link in his financial ball and chain is nil.

Finally, the notice to dismiss did not come in the face of a dispositive motion.

On balance, I do not find that the defendant will suffer "plain legal prejudice" if I let plaintiff keep the opportunity to refile his case. Indeed, given plaintiff's financial circumstances, I find little likelihood that he will do so.

*Vis-a-vis* its own likelihood of ultimate success, I doubt that defendant is less likley to prevail in the long run if I reset the clock. Defendant points to no evidence that will be lost if things start over within a year. The witnesses are likely few in number, and their ability to testify should not be so substantially impaired by the delay that precluding further litigation would be appropriate.

On the other hand, I will require plaintiff, if he refiles his suit, to do certain things:

- Refile in this court, and designate the refiled action as related to this, so that it will return to me;

- Attend the initial case management conference in person, unlessexcused on specific motion and for cause and with leave of order entered prior to the conference (any boilerplate notice to the contrary notwithstanding);[2]

- Cooperate fully in all phase of the litigation with his own attorney and all reasonable requests by opposing counsel

---

[2] The Report of Parties Planning Meeting shall attach a copy of this order for my information and reference at the case managment conference of a refiled case. I want to speak with the plainitff face to face  to emphasize his duties as a litigant.

3

If the plaintiff, on refiling his complaint, fails to meet any of these obligations, or any others imposed during the ordinary course of resumed proceedings, I will, on motion by defendant, dismiss his case with prejudice. Whereupon I will entertain, and give serious consideration to imposing the defendant's attorney's fees and costs on the plaintiff.

For and in light of the foregoing, it is hereby

ORDERED THAT the complaint be, and it hereby is dismissed, without prejudice as provided herein.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

4